IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD PATRICK HORTON                                                    PLAINTIFF

V.                                 CASE NO. 5:20-CV-05138

SHERIFF SHAWN HOLLOWAY, Benton
County, Arkansas; LIEUTENANT WYATT BANTA;
LIEUTENANT TYLER ROSS; DEPUTY KENNETH
COGDILL; DEPUTY JOSHUA SUMLER; SERGEANT
GREG HOBELMAN; PAROLE OFFICER CRAIG
FOREMAN; CAPTAIN GAGE, Jail Administrator;
CORPORAL TAYLOR; DEPUTY K. KILLMAN; SERGEANT
VOLNER; MATT ETRIS; CORPORAL MONDAY;
FORMER DEPUTY TEDDY DALTON; JOHN AND JANE DOE
DEPUTIES; and JANE DOE MEDICAL STAFF                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a civil rights action filed by Plaintiff Richard Patrick Horton pursuant to 42 U.S.C. § 1983. Horton proceeds *pro se* and *in forma pauperis*. Horton is incarcerated in the Benton County Detention Center ("BCDC"). This case is before the Court on the Motion to Dismiss (Doc. 18) filed by Separate Defendant Parole Officer Craig Foreman. Horton has filed a Response (Doc. 35) to the Motion. The Motion is ready for decision.

## I. BACKGROUND

According to the Amended Complaint (Doc. 6), Horton provided Parole Officer Foreman a urine specimen that tested positive for methamphetamine and THC. As a result, Parole Officer Foreman took Horton into custody on February 19, 2020. Horton contends that Parole Officer Foreman was "unnecessarily rough with the handcuffing" and "in the process tore the rotator muscles of [Horton's] right shoulder." (Doc 6 at 10). Horton further claims that his shoulder injury was evaluated by Nurse Francesca Infante

1

at the BCDC and Horton "had to be taken to Northwest Medical Center . . . to be medically cleared[] before being booked into the jail." *Id.*

On February 21, 2020, Horton saw Parole Officer Foreman and mentioned the unnecessary roughness. In response, Parole Officer Foreman is alleged to have "snickered" and said, "I guess you're getting too old." *Id.*

The Amended Complaint also states that on February 23, 2020, Deputy Joshua Sumler of the BCDC wrote a "false disciplinary report for an action that [Horton] never committed nor was ever found guilty of." *Id.* at 7. The report indicated that Horton had refused to obey an order and interfered with staff duties. On February 25th and 26th, after reviewing the incident on camera, Deputy Massey determined that Horton had not refused to obey an order or interfered with jail staff. *Id.* at 11. Deputy Sumler then pulled the disciplinary, and no finding of guilt was made. Despite the fact that Horton was cleared of wrongdoing, he alleges that an "informational report" about this jail incident was sent to Parole Officer Foreman. *Id.* On February 26, 2020, Horton was called to the booking area of the BCDC to meet with Parole Officer Gerald Johnson. At that time, Horton signed "his parole revocation papers for 6 months with the option of parole to be reinstated after 90 days, based on good behavior." *Id.*

Beginning on May 7, 2020, Horton alleges he began asking the booking deputies at the BCDC if his parole hold had been lifted. On May 20th, Horton alleges that Deputy Teddy Dalton informed him that he had contacted Parole Officer Foreman and was told that because of the "informational report" filed by Deputy Sumler, Horton would not be released early and would instead be required to serve the entire six-month term for the

parole violation. *Id.* at 7 & 12. Horton believes this decision by Parole Officer Foreman was in error. As relief, he asks for a declaratory judgment as well as compensatory and punitive damages.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.

While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). Speculative, conclusory, or nonspecific allegations are insufficient. *Cooper v. Schriro*, 189 F.3d 781, 784-85 (8th Cir. 1999).

## III. DISCUSSION

### A. Due-Process Claim

While there "is no constitutional or inherent right of a convicted person to be conditionally released before expiration of a valid sentence," *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979), "[t]he differences between an initial

3

grant of parole and the revocation of the conditional liberty of the parolee are well recognized." *Id.* at 10.  In *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972), the Supreme Court set forth the minimum requirement of due process for parole revocation hearings. These requirements are:  (1) written notice of the claimed violation; (2) disclosure to the parolee of evidence against him; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a neutral and detached hearing body such as a traditional parole board, members of which do not need to be judicial officers or lawyers; and (6) a written statement of the factfinders as to the evidence relied on and reasons for revoking parole.  *Id.* at 781–782.

According to the facts in the Amended Complaint, Horton did not ask for a parole hearing but instead admitted his violation.  By "sign[ing] his parole revocation papers for 6 months with the option of parole to be reinstated after 90 days, based on good behavior," (Doc. 6 at 11), Horton was agreeing to serve a six-month sentence with the possibility of early release.  The Supreme Court in *Greenholtz* explained that when the state holds out only a "possibility" of early release, it is providing "no more than mere hope that the benefit will be obtained."  442 U.S. at 10.  That "hope" of early release is not tantamount to a liberty interest that is protected by due process.   Therefore, Horton's due process claim against Parole Officer Foreman is subject to dismissal.

## B.  Official-Capacity Claim

An official-capacity claim brought against an Arkansas state official is treated as a

4

suit against the State of Arkansas.   *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71.   Moreover, in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his official capacity.   *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) (explaining that Congress did not abrogate constitutional sovereign immunity when enacting § 1983) (citation omitted).

Parole Officer Foreman is employed by the Arkansas Division of Community Correction (formerly Arkansas Community Correction).   This is a state agency that is immune from suit.   *Quern*, 440 U.S. at 345; Ark. Const. Art 5, § 20 (sovereign immunity of the State of Arkansas); *Ark. Comm. Corr. v. Barnes*, 542 S.W.3D 841 (Ark. 2018) (state legislature may not abrogate the constitutional immunity of the ACC or other state agencies).   "This bar exists whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986).   Accordingly, Horton's official-capacity claim against Parole Officer Foreman is subject to dismissal, either because Parole Officer Foreman is not considered a person under § 1983 or because the Eleventh Amendment bars such claims.

## C.  Excessive-Force Claim[1]

Horton's final claim is that Parole Officer Foreman used excessive force in

---

[1] The Court construes the Complaint as asserting an individual-capacity excessive-force claim against Parole Officer Foreman.   Although Parole Officer Foreman does not separately address the excessive-force claim in his briefing, he asks for dismissal of all claims against him and contends that he is deserving of qualified immunity.

handcuffing him at the time of arrest. The Supreme Court has held that a pretrial detainee's [2] excessive-force claim should be analyzed under an objective reasonableness standard. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). The objective reasonableness of a use of force "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). An action is objectively unreasonable if it is not reasonably related to legitimate governmental interests such as maintaining order and security. *Id.*

"Handcuffing inevitably involves some use of force," *Wertish v. Krueger,* 433 F.3d 1062, 1067 (8th Cir. 2006), "and it will almost always result in some irritation, minor injury, or discomfort where the handcuffs are applied," *Chambers v. Pennycook,* 641 F.3d 898, 907 (8th Cir. 2011) (citation omitted). Indeed, courts have found that the mere application of handcuffs, even when they are tightly secured, cannot amount to an unreasonable use of force if there is only *de minimis* injury. *See Crumley v. City of St. Paul, Minn,* 324 F.3d 1003, 1008 (8th Cir. 2003); *Foster v. Metro. Airports Comm'n.,* 914 F.2d 1076, 1082 (8th Cir. 1990). On the other hand, when the application of handcuffs causes more than a minor injury, an excessive-force claim may be stated. *Haning v. Lee*, 415 F.3d 822, 824 (8th Cir. 2005).

Here, Horton alleges that Parole Officer Foreman handcuffed him with unnecessary roughness and caused him to suffer a tear in his right rotator cuff that required hospital treatment. Assuming as true the facts Horton asserts in the Amended

---

[2] Horton was a pretrial detainee for purposes of the parole violation report that formed the basis for his arrest.

Complaint, he has stated a plausible claim for excessive force.

### D.  Immunity for Excessive-Force Claim

#### 1.  Absolute Immunity

Parole Officer Foreman suggests that he may be entitled to absolute immunity with respect to Horton's claims.   It is true that parole officers deciding whether to grant, deny, or revoke parole perform functions comparable to those of judges and, thus, are entitled to quasi-judicial absolute immunity.  *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983).   "Where an official's challenged actions are protected by absolute immunity, dismissal under Rule 12(b)(6) is appropriate."  *Sample*, 836 F.3d at 916.   However, such immunity does not extend to claims of excessive force by the parole officer, and in the case at bar, the only claim remaining against Parole Officer Foreman is one for excessive force.

#### 2.  Qualified Immunity

Parole Officer Foreman alternatively argues that he is entitled to qualified immunity.   "Government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'"  *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341-43 (1986)).

Parole Officer Foreman is "entitled to qualified immunity unless [Horton] has

7

plausibly stated both (i) a claim for violation of his [Fourth Amendment right to be free from the use of excessive force]; and (ii) that the right was clearly established at the time of the alleged violation."   *Vandevender v. Sass*, 970 F.3d 972, 974-75 (8th Cir. 2020).

Starting with the first prong of the analysis, the Court has already determined that Horton has stated a plausible claim for excessive force against Parole Officer Foreman. The next part of the inquiry asks whether Horton's right to be free from excessive force was clearly established at the time of the handcuffing incident in 2017.   As a general proposition, "[t]he right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person."   *Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1988).   However, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."   *Graham v. Connor*, 490 U.S. 386, 396 (1989).   "The salient question is whether the law in [2017] gave the officer[] fair warning that [his] alleged treatment of [Horton] was unconstitutional."   *Howard v. Kan. City Police Dep't,* 570 F.3d 984, 991 (8th Cir. 2009) (citation omitted).

In the context of handcuffing, as discussed above, it was clearly established that the use of handcuffs resulting in more than a minor injury would violate a detainee's Fourth Amendment right.   *See also Robinson v. Hawkins*, 937 F.3d 1128, 1135–36 (8th Cir. 2019).   It was also clearly established that a Fourth Amendment violation would result "if an officer unreasonably ignored the complaints of a seized person that the force applied by the officer was causing more than minor injury."   *Howard*, 570 F.3d at 991. Given the state of the law and the facts set forth in the Amended Complaint, the Court

finds that qualified immunity should be denied to Parole Officer Foreman on the excessive-force claim.

## IV.   CONCLUSION

For the reasons stated, Parole Officer Foreman's Motion to Dismiss (Doc. 18) is **GRANTED IN PART AND DENIED IN PART**.   The Due Process and official-capacity claims against Parole Officer Foreman are **DISMISSED WITHOUT PREJUDICE**, while the excessive-force claim remains for later adjudication.

**IT IS SO ORDERED** on this _25th_ day of January, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE