IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**RICHARD PATRICK HORTON**                                                                                          **PLAINTIFF**

**V.**                                    **CASE NO. 5:20-CV-5138**

**SHERIFF SHAWN HOLLOWAY, Benton
County, Arkansas; LIEUTENANT WYATT BANTA;
LIEUTENANT TYLER ROSS; DEPUTY KENNETH
COGDILL; DEPUTY JOSHUA SUMLER; SERGEANT
GREG HOBELMAN; PAROLE OFFICER CRAIG
FOREMAN; CAPTAIN GAGE, Jail Administrator;
CORPORAL TAYLOR; DEPUTY K. KILLMAN; SERGEANT
VOLNER; MATT ETRIS; CORPORAL MONDAY; and
FORMER DEPUTY TEDDY DALTON**                                                   **DEFENDANTS**

## ORDER

On December 1, 2021, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, issued a Report and Recommendation ("R&R") (Doc. 98) concerning several motions for summary judgment. She recommended that: (1) the Motion for Summary Judgment filed by Defendant Craig Foreman (Doc. 86) be granted; (2) the Motion for Summary Judgment filed by all Benton County Defendants (Doc. 77) be granted as to the claims stemming from incidents occurring on May 17 and June 13, 2020, but denied as to the claim stemming from the disciplinary citation issued on February 23, 2020; (3) the Motion for Summary Judgment filed by Defendant Matt Etris (Doc. 78) be granted; and (4) the Cross-Motion for Summary Judgment filed by Plaintiff Richard Patrick Horton (Doc. 90) be denied.

On December 15, 2021, Mr. Horton filed Objections to the R&R. (Doc. 99). The Court undertook a *de novo* review of the entire record, focusing on the two specific objections made by Mr. Horton. First, he objects to the dismissal of a conditions-of-

confinement claim stemming from an incident at the Benton County Detention Center ("BCDC") on May 17, 2020. Second, he objects to the dismissal of a due-process claim stemming from an incident at the BCDC on June 13, 2020. The Court will address each objection in turn.

## I. OBJECTIONS

### A. May 17 Incident

Mr. Horton generally agrees with the magistrate judge that a prisoner's rights are not violated simply because he is placed in administrative or disciplinary segregation. He claims instead that the BCDC's specific policy of removing the mattresses, sheets, and blankets of prisoners in disciplinary segregation from the early morning hours until bedtime each day constitutes cruel and unusual punishment in violation of the Eighth Amendment. Mr. Horton maintains that when his bedding was removed during the day, he was "forc[ed] . . . to lay on a steel bed with no padding, [which] aggravated his existing physical conditions, and caused him extreme pain in his back and legs." (Doc. 99, p. 3). Further, he contends that when Defendants enforced this "no bedding" policy with respect to him, in particular, they were deliberately indifferent to his medical needs because they knew or should have known he had a back injury.

The Court has reviewed the grievances that Mr. Horton submitted during the month of May 2020 while he was incarcerated at the BCDC. (Doc. 83-3). He did not file a grievance concerning his bad back or the removal of his mattress during the days he remained in disciplinary segregation; also, he did not claim in his Amended Complaint or in his Objections that he placed the jail on notice of his back condition. Instead, he argued in his Cross-Motion for Summary Judgment that "Defendants have/had knowledge that the

2

plaintiff has a history of back problems/surgery," so taking away his bedding "amounted to cruel and unusual punishment." (Doc. 91, p. 4).

There is no evidence in the jail's medical file that Mr. Horton was treated for a back injury by jail medical staff either before or after May of 2020. Accordingly, there is no genuine, material dispute of fact that the jail was on notice of this preexisting condition and was deliberately indifferent to it. All inmates housed in disciplinary segregation were similarly deprived. Further, there is no dispute that this period of segregation (and bedding deprivation) lasted only ten days. *See* Doc. 90, p. 4. The only question, it seems, is whether a deprivation of this nature could amount to cruel and unusual punishment.

As the R&R correctly observes, summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court finds as a matter of law that the removal of a mattress and bedding from a jail cell during the daytime hours does not violate a prisoner's constitutional rights. *See Deaton v. Ark. Dep't of Corr.*, 2012 WL 6115102, at *4-5 (E.D. Ark. Oct. 15, 2012) (collecting cases). Moreover, conditions are not cruel and unusual merely because they are harsh or uncomfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). According to the Supreme Court, the Eighth Amendment only requires that prison officials "ensure that inmates receive adequate food, clothing, shelter, and medical care" and "take reasonable measures to guarantee the safety of inmates." *Id.* (internal quotation and citation omitted). The Constitution does not require access to bedding during an inmate's waking hours. Accordingly, Mr. Horton's first objection is **OVERRULED**.

### B.  June 13 Incident

With respect to the June 13 incident, Mr. Horton objects to the dismissal of this claim because "there was never a determination of guilt, nor was there ever a hearing held" before he was placed in disciplinary segregation.  (Doc. 99, p. 2).  The R&R assumes the facts as Mr. Horton presents them but explains that he was not entitled to due process before being placed in disciplinary segregation because he was not a pretrial detainee at that time; rather, he was "in convicted status." (Doc. 98, p. 13).  Mr. Horton disagrees with the law and believes even convicted inmates "should still [be] afforded due process" before being placed in disciplinary segregation.  (Doc. 99, p. 2).

As much as Mr. Horton may disagree with the law as stated in the R&R, it is correct. Pretrial detainees are entitled to due process before they are deprived privileges or placed in special confinement status, but the same protections do not apply to convicted inmates. *See* Doc. 98, p. 12 (citing *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995); *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010); *Kennedy v. Blankenship*, 100 F.3d 640, 642–43 (8th Cir. 1996)).  As a matter of law, no due-process violation results from the June 13 incident and subsequent period of disciplinary segregation.  This objection is therefore **OVERRULED**.

### II. CONCLUSION

Having overruled all objections, **IT IS ORDERED** that the R&R (Doc. 98) is **ADOPTED IN ITS ENTIRETY**.  For the reasons stated in the R&R, **IT IS ORDERED** that:

1. The Motion for Summary Judgment (Doc. 86) filed by Officer Foreman is **GRANTED** and the claims against him are **DISMISSED WITH PREJUDICE**.

2. The Motion for Summary Judgment (Doc. 77) filed by the Benton County Defendants is **GRANTED** as to the due-process and conditions-of-confinement claims stemming from incidents occurring on May 17, 2020 and June 13, 2020. These claims are **DISMISSED WITH PREJUDICE**. Accordingly, all claims against Lieutenant Banta, Lieutenant Ross, Deputy Cogdill, Sergeant Hobleman, Captain Gage, Deputy Killman, Corporal Monday, Sergeant Volner, and Former Deputy Dalton are dismissed.

3. The Motion for Summary Judgment (Doc. 77) filed by the Benton County Defendants is **DENIED** as to the due-process claim stemming from the February 23, 2020, disciplinary citation issued by Deputy Sumler. This claim remains for trial against Deputy Sumler, Corporal Taylor, and Sheriff Holloway.

4. The Motion for Summary Judgment (Doc. 78) filed by Matt Etris is **GRANTED** and the claims against him are **DISMISSED WITH PREJUDICE**.

5. The Cross-motion for Summary Judgment (Doc. 90) filed by Mr. Horton is **DENIED**.

**IT IS SO ORDERED** on this 12th day of January, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE